UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | |
|---|---|
| DENNIS VERNON KING #364418, | )<br>) |
| Plaintiff, | )  Case No. 2:09-cv-30<br>) |
| v. | )  HON. GORDON J. QUIST<br>) |
| CATHERINE BAUMAN, | )<br>)  **OPINION** |
| Defendant. | )<br>) |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

### Discussion

I.  Factual Allegations

Plaintiff Dennis Vernon King #364418, an inmate at the Ionia Maximum Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Catherine Bauman. Plaintiff claims that Defendant opened his legal mail outside his presence.

Plaintiff states that he can prove this because the envelope was opened with a sharp instrument and that he has no access to such an instrument. Plaintiff seeks damages and equitable relief.

## II. Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted above, Plaintiff claims that Defendant opened his legal mail without him being present. Incoming mail has long been recognized to pose a greater threat to prison order and security than outgoing mail. *Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Turner v. Safley*, 482 U.S. 78 (1987). The Michigan Department of Corrections may require that inmates specifically request that their legal mail be opened in their presence. *Knop v. Johnson*, 667 F. Supp. 467, 473 (W.D. Mich. 1987), *appeal dismissed*, 841 F.2d 1126 (6th Cir. 1988). Further, a prison can restrict the opening of special mail in the presence of the inmate to those situations wherein the sender is identified as an attorney and the envelope makes a specific restriction on the opening. *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974). With regard to mail from an inmate's attorney, prison officials have a right to open and inspect such mail for contraband. However, they may not read the mail and must allow the prisoner to be present, upon request, if the envelope is marked as confidential. *Lavado v. Keohane*, 992 F.2d 601, 607-09 (6th Cir. 1993); *see also Brewer v.*

*Wilkinson*, 3 F.3d 816, 825 (5th Cir. 1993) (court abandoned the *per se* rule that the Constitution requires that the opening and inspection of legal mail be in the presence of the inmate).

In this case Plaintiff's claim regarding his mail is entirely conclusory. Plaintiff does not state who the mail was from or that it was marked confidential. Moreover, as noted above, prison officials have the right to open and inspect confidential legal mail in the prisoner's presence. Plaintiff's assertion that the envelope was opened with a sharp instrument does not necessitate a finding that Plaintiff was not present when the envelope was opened. Because Plaintiff has failed to allege any specific facts in support of his claim, his complaint is properly dismissed.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: April 7, 2009                    /s/ Gordon J. Quist
                                        GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE